# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANGELA PERDUE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0074** (BOR Appeal No. 2048645)
                    (Claim No. 2013010196)

**GO-MART, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Angela Perdue, by Reginald D. Henry and Rodney A. Skeens, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Go-Mart, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 26, 2013, in which the Board affirmed an August 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 25, 2012, decision rejecting Ms. Perdue's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Perdue worked as a store clerk for Go-Mart, Inc. On September 6, 2012, Ms. Perdue was treated by Terry McLaughlin, PA-C, for pain in the lower right side of her back. She reported that she had fallen two weeks earlier at work. At the time, Ms. Perdue had not reported the injury to Go-Mart, Inc. On September 13, 2012, Ms. Perdue filed an application for workers' compensation benefits. She alleged that she was injured around 7:30 P.M. on August 30, 2012, and listed a lumbar strain and another unspecified strain as conditions of her claim. An MRI was then taken of her lumbar spine which revealed a central herniation at the L5-S1 disc. On

1

September 25, 2012, the claims administrator rejected Ms. Perdue's application. It stated that Ms. Perdue's time card showed that she did not work on the reported date of her injury. Following this denial, Ms. Perdue filed a report of injury in which she alleged that she was actually injured on August 23, 2012. The report stated that she fell on the wet sidewalk outside the store while taking garbage to the dumpster. She also stated that she immediately reported the incident to Jessie Beckerd, her shift manager. Mr. McLaughlin also issued an updated diagnosis request stating that Ms. Perdue had suffered an L5-S1 disc herniation. He also found that it would be reasonable to believe that the condition had developed as a result of a work-related fall. Freda Acord, the store manager, then signed an affidavit stating that Ms. Perdue first reported the injury to her on September 6, 2012, after she had been treated by Mr. McLaughlin. Anthony Crist, the information technology specialist of Go-Mart, Inc., also signed an affidavit stating that he had viewed security video from August 23, 2012. Mr. Crist stated that Ms. Perdue can be seen leaving the store at 7:10 P.M. with nothing in her hands and reentering the store at 7:14 P.M., with no physical signs of impairment or discomfort. Ms. Perdue then testified by deposition and stated that Ms. Beckerd was the person present on the surveillance video. On August 2, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 26, 2013, leading Ms. Perdue to appeal.

The Office of Judges concluded that Ms. Perdue did not show that she sustained an injury in the course of and resulting from her employment. It determined that the alleged date of injury was August 23, 2012, and assumed that the initially reported August 30, 2012, date of injury was merely a typographical error. However, the Office of Judges found several inconsistencies in Ms. Perdue's account of her injury. It determined that Ms. Perdue did not seek medical treatment for this alleged injury until two weeks later and did not report the injury to Go-Mart, Inc., for an additional week. The Office of Judges noted that Ms. Perdue did not present any evidence from Ms. Berkerd, even though she was allegedly present at the time of the injury. It also considered the affidavit of Mr. Crist, but it did not give much weight to his account of the surveillance video because the video itself was not provided into the record. Finally, the Office of Judges considered the treatment notes and diagnosis from Mr. McLaughlin, but it found that his opinion was not sufficient to show that Ms. Perdue's conditions were sustained in a work-related injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Perdue has not presented sufficient evidence to show that she suffered an injury in the course of and resulting from her employment. Although the MRI and Mr. McLaughlin's treatment notes show that she currently has an L5-S1 disc herniation, there is no reliable evidence that this condition was the result of a work-related injury. Ms. Perdue's account of her injury is sufficiently inconsistent that the Office of Judges was justified in not relying on her testimony or reports of injury. Ms. Perdue's testimony is not supported by the remainder of the evidence in the record. The significant delay between when she allegedly fell and when she first sought treatment for the resulting injury further undermines her credibility.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II